Frances M. Campbell (Cal. SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (Cal. SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (Cal. SBN 286419)
jbelisle@campbellfarahani.com
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Telephone: (818) 999-4242
Facsimile: (818) 999-4246

Attorneys for Plaintiff Ernestine Underwood

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERNESTINE UNDERWOOD,<br><br>Plaintiff,<br><br>v.<br><br>FOUNDATION FOR AFFORDABLE HOUSING, INC.; PK MANAGEMENT, LLC; CLIFFORD GATEWOOD; and Does 1 through 10,<br><br>Defendants. | CASE NO.: 2:16-cv-9265<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON**<br>**(1) VIOLATION OF THE FAIR HOUSING ACT;**<br>**(2) VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;**<br>**(3) NEGLIGENCE; and**<br>**(4) VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges through her attorneys of record as follows:

///

///

## I.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims. Plaintiff's state law claims are related to Plaintiff's federal claims and arise out of a common set of related facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all of the unlawful conduct that gives rise to these claims occurred in the Central District of California.

## II.

## PARTIES

3. Plaintiff Ernestine Underwood (hereinafter "Ms. Underwood") is a disabled individual who resides at Heritage Pointe Senior Apartments, located at 1801 Aviation Way, in Redondo Beach, California, in the County of Los Angeles (hereinafter, "Heritage Pointe").

4. Defendant Foundation for Affordable Housing (hereinafter, "FFAH") is a corporation doing business in the County of Los Angeles as an owner of rental housing.

5. Defendant PK Management, LLC (hereinafter "PK Management") is a limited liability company doing business in the County of Los Angeles as a manager of rental housing.

6. Defendant Clifford Gatewood is an individual who resides in Los Angeles County and, during the pertinent periods of this Complaint, did business in Los Angeles as an agent of FFAH and PK Management.

///

## III.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff Ernestine Underwood is handicapped as defined by the federal Fair Housing Act at 42 U.S.C. § 3602(h), and is physically disabled as defined by the California Fair Employment and Housing Act, California Government Code §§ 12926(*l*) and 12955.3. She has lupus, a chronic autoimmune disease that causes inflammation and pain.

8. In 2010, Plaintiff Ernestine Underwood and her husband Jimmie Underwood (hereinafter, collectively, "the Underwoods") entered into a lease agreement for Apartment 305 (hereinafter "the Apartment") with PK Management (hereinafter, the "Lease"). The Underwoods moved into the Apartment on or around August 22, 2010.

9. In early 2016, Mr. Underwood was gravely ill with a heart condition that required him to be on oxygen. The Underwoods requested that they be moved to a two-bedroom apartment so that they would have more space to accommodate Mr. Underwood's medical equipment as a reasonable accommodation to his disability. At that time, Defendant Gatewood informed the Underwoods that there were four two-bedroom apartments available and took Ms. Underwood to tour one of the available units. The Underwoods began packing to move. A few days after Ms. Underwood toured the available apartment in March 2016, Mr. Underwood passed away.

10. Since Mr. Underwood's death, Ms. Underwood's grandson Malik Brooks has assisted Ms. Underwood with cooking, cleaning, driving to doctors' appointments, and other requirements of daily living. In March 2016, Ms. Underwood again requested that Defendants move her to a two-bedroom apartment, this time so that her grandson could move in with her as her full-time caregiver as a reasonable accommodation to her disability. Ms. Underwood provided to Defendants documentation from her doctor supporting her request for

a reasonable accommodation.

11. When Ms. Underwood handed the paperwork regarding her request for a reasonable accommodation to Defendant Gatewood, Defendant Gatewood ripped it up and said "You didn't do it right. It needs to say what your disability is and why you need to have an accommodation." When Ms. Underwood replied that the papers did contain that information, Defendant Gatewood told her "you'll just have to redo it then."

12. Thereafter, Ms. Underwood had her doctor prepare new documentation of her disability and her need for a reasonable accommodation. In preparing the paperwork, Ms. Underwood's doctor's office called Defendant Gatewood to find out from him exactly what documentation Defendants needed so that they could provide it. Defendant Gatewood did not answer or return the call. When Ms. Underwood followed up with Defendant Gatewood, he told her "I know they called," but he never called them back. Ms. Underwood again provided documentation from her doctor to Defendant Gatewood.

13. In total, Ms. Underwood provided paperwork in support of her request for a reasonable accommodation to Defendant Underwood four times between March and July 2016. True and correct copies of the documents that Ms. Underwood provided to Defendants in support of her requests for a reasonable accommodation are attached hereto as **EXHIBIT A**.

14. When Ms. Underwood discussed her request for a reasonable accommodation with Defendant Gatewood, Defendant Gatewood told her that her grandson would have to be fingerprinted and pass a background check before he could move in. Her grandson, Mr. Brooks, complied with all of these requirements. Even though Mr. Brooks passed the background check, Defendants refused for over seven months to allow Mr. Brooks to move in.

15. When Ms. Underwood followed up with Defendant Gatewood regarding her request for a reasonable accommodation, he told her "we'll see" and

"it's all about the money to me."

16. In or around August 2016, Ms. Underwood called Lynn Williams, the regional manager of PK Management and again reiterated her request for a reasonable accommodation. Ms. Williams told Ms. Underwood to call Igor Grigorian. When Ms. Underwood called Mr. Grigorian, Mr. Grigorian told Ms. Underwood "let me look into it and see what is going on" and "let me get back to you." Despite his representations, Mr. Grigorian never got back to Ms. Underwood regarding her request for a reasonable accommodation.

17. On or around October 14, 2016, Ms. Underwood went into the management office at the Property to inquire as to the status of her request for a reasonable accommodation. The manager on duty, Mischa Gilbert, told Ms. Underwood she would have to wait for "maybe two years" to get a two-bedroom apartment.

18. Ms. Williams was also in the office on that date and asked Ms. Underwood whether she had submitted a request for an accommodation. When Ms. Underwood replied that she had submitted written requests for a reasonable accommodation and paperwork from her doctor "four or five times," Ms. Williams responded "oh, then you'll be next in line."

19. To date, in spite of the multiple requests, Defendants refuse to reasonably accommodate Plaintiff's disability.

///

///

///

///

///

///

///

///

## IV.

## CAUSES OF ACTION

### A.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR HOUSING ACT

### (By all Plaintiffs against all Defendants)

20. Plaintiff here realleges the allegations set forth in paragraphs 1 through 19.

21. Plaintiff Ernestine Underwood is handicapped within the meaning of 42 U.S.C. § 3402(h)(1) because she suffers from a physical impairment which substantially limits one or more of her major life activities.

22. Defendants injured Plaintiff in violation of 42 U.S.C. § 3604(f) by discriminating in the rental of a dwelling because of Ms. Underwood's handicap, by making a dwelling unavailable because of her handicap, by refusing to make reasonable accommodations in rules, policies, practices or services, as necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, and by refusing to engage in the interactive process.

23. Plaintiff has suffered economic damages and mental anguish and emotional distress by virtue of the above-enumerated violations of her civil rights, and is therefore entitled to compensatory damages.

24. Defendants have no legitimate and nondiscriminatory reason for refusing, for over seven months, to provide Plaintiff with a reasonable accommodation by moving her to a two-bedroom apartment so that her caregiver can move in with her.

25. Defendants acted intentionally, maliciously, wantonly, recklessly and in bad faith as described herein. Defendants were, and continue to be, callously indifferent or recklessly indifferent to Plaintiff's federally protected rights.

Therefore, Plaintiff is entitled not only to actual damages but also to punitive damages pursuant to 42 U.S.C. § 3613(c)(1).

26. Plaintiff is entitled to recover her reasonable attorney's fees and costs of suit in this action, pursuant to 42 U.S.C. § 3613(c)(2).

## B.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**(By Plaintiffs against all Defendants)**

27. Plaintiff here realleges the allegations set forth in paragraphs 1 through 26.

28. Defendants have injured Plaintiff in violation of the California Fair Employment and Housing Act by their refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling and by refusing to enter into the interactive process.

29. Defendants have also injured Plaintiff in violation of the California Fair Employment and Housing Act by harassing and discriminating against Plaintiff because of her disability.

30. Defendants have also injured Plaintiff by making unavailable or denying a dwelling to Plaintiff, based on Plaintiff's handicap.

31. As a proximate result of Defendants' conduct, Plaintiff has been damaged as set forth herein and continues to suffer damages. Because of Defendants' knowledge that Plaintiff was and is in need of a reasonable accommodation, Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294.

32. Plaintiff is further entitled to recover her attorney's fees, costs and

expert witness fees against Defendants.

**C.**

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiffs against Defendants FFAH and PK Management)**

33. Plaintiff here realleges the allegations set forth in paragraphs 1 through 32.

34. Defendants, and each of them, had a duty to train, and their agents to operate, their rental properties in a manner that was free from unlawful discrimination.

35. Defendants violated that duty by negligently hiring, training and supervising their employees and each other regarding the requirements of and proper application of federal and state fair housing laws.

**D.**

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civ. C. § 54, *et seq.*]**

**(By Plaintiff against all Defendants)**

36. Plaintiff here realleges the allegations set forth in paragraphs 1 through 35.

37. As an individual with a disability or medical condition as defined in California Civil Code section 54, Plaintiff is entitled to the full and equal access, as other members of the general public, to all housing accommodations offered for rent or lease in the State of California.

38. By refusing to allow Ms. Underwood to have a caretaker live with her, and by refusing to allow Ms. Underwood to move into a larger apartment in

order to have her caretaker live with her, by interfering with her right to quiet enjoyment of the Apartment, Defendants, and each of them, have violated the California Disabled Persons Act, specifically, Civil Code section 54.1, subdivisions (b)(1) and (b)(3)(B).

39. As a proximate result, Defendants, and each of them, are liable for Ms. Underwood's actual damages, treble damages, and attorney's fees, as set forth in California Civil Code section 54.3.

## V.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For economic damages and non-economic damages according to proof at trial, but in an amount in excess of $250,000.00;

3. For punitive damages according to proof, and as permitted by statute, in an amount not less than $1,000,000.00;

4. For reasonable attorneys' fees, expert witness fees, and costs of suit, as permitted by statute; and

5. For actual damages and treble damages on the Fourth Cause of Action for violation of the California Disabled Persons Act, pursuant to California Civil Code section 54.3, in addition to reasonable attorneys' fees; and

///

///

///

///

6. For such other and further relief as the Court may find to be just and proper.

DATED: December 15, 2016

Respectfully submitted,
CAMPBELL & FARAHANI, LLP

/s/

By: ______________________________
JoAnne E. Belisle, Esq.
Attorneys for Ernestine Underwood