Frances M. Campbell (Cal. SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (Cal. SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (Cal. SBN 286419)
jbelisle@campbellfarahani.com
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Telephone: (818) 999-4242
Facsimile: (818) 999-4246

Attorneys for Plaintiff Ernestine Underwood

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE UNDERWOOD,<br><br>Plaintiff,<br><br>v.<br><br>FOUNDATION FOR AFFORDABLE HOUSING, INC.; PK MANAGEMENT, LLC; CLIFFORD GATEWOOD; and Does 1 through 10,<br><br>Defendants. | CASE NO.: 2:16-cv-9265-SJO (SKx)<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR AWARD OF ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOANNE E. BELISLE**<br><br>Date: November 27, 2017<br>Time: 10:00 a.m.<br>Courtroom: 10C |

**TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on November 27, 2017, at 10:00 a.m. in Courtroom 10C of the above-entitled Court, Plaintiff Ernestine Underwood will, and hereby does, move to enforce the settlement agreement against Defendants Foundation for Affordable Housing, Inc., PK Management, LLC, and Clifford Gatewood. This motion is made pursuant to *Metronet Servs. Corp. v. U.S. West Communics.*, 329 F.3d 1013, 1014 (9th Cir. 2003) and the settlement agreement between the parties (the "Agreement"). The Agreement provides that "Defendants shall pay, within 20 days of receipt of Plaintiff's signature on this Agreement ,$245,000.00 in settlement of the *Underwood Action*," requiring payment by October 24, 2017 to various entities, including to find a structured settlement. Defendants have not tendered payment, rendering the terms of the Agreement unfulfilled. Moreover, Defendants' failure to timely perform under the Agreement has harmed Plaintiff because the value of the settlement has been decreased. The Agreement provides that "If any enforcement of this Agreement is necessary, the Court reserves jurisdiction to enforce the Agreement and make such other and further orders deemed proper to carry out the terms of this Agreement."

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Agreement, which provides "In the event any motion . . . is filed to enforce any of the provisions or rights under this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs in connection therewith," Plaintiff Ernestine Underwood seeks an award of attorney's fees and costs incurred in connection with this Motion in the amount of $2,437.50 against Defendants Foundation for Affordable Housing, Inc., PK Management, LLC, and Clifford Gatewood.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of JoAnne E. Belisle, the pleadings in this action, and upon such argument as may be entertained by the

Court at the hearing of this matter.

      This Motion is made following conferences of counsel pursuant to Local Rule 7-3, which took place on October 4, 12, 13, 18, 23, 25, 27, and 30, 2017.

DATED: October 30, 2017         Respectfully submitted,
CAMPBELL & FARAHANI, LLP

/s/

By: _____
JoAnne E. Belisle, Esq.
Attorneys for Plaintiff Ernestine Underwood

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF FACTS

On December 15, 2016, Plaintiff Ernestine Underwood ("Mrs. Underwood" or "Plaintiff") filed a complaint against Defendants Foundation for Affordable Housing, Inc., PK Management, LLC, and Clifford Gatewood (hereinafter, collectively "Defendants") for violation of the Fair Housing Act, the California Fair Employment and Housing Act, the California Disabled Persons Act, and negligence. *See* Declaration of JoAnne E. Belisle ("Belisle Decl."), ¶ 2. In September 2017, the parties settled and entered into a written settlement agreement (hereinafter the "Agreement"). *See* Belisle Decl. at ¶ 3, **EXHIBIT A**.

Paragraph 1 of the Agreement provides that "Defendants shall pay, within 20 days of receipt of Plaintiff's signature on this Agreement, $245,000.00 in settlement of the *Underwood Action*." *See* Belisle Decl. at ¶ 3, **EXHIBIT A**. Plaintiff's counsel provided Plaintiff's signature on the Agreement to defense counsel on October 4, 2017. *See* Belisle Decl. at ¶ 6, **EXHIBIT D**. Accordingly, under the terms of the Agreement, payment was due by October 24, 2017. Defendants have not tendered payment, rendering the terms of the Agreement unfulfilled. *See* Belisle Decl. at ¶ 19. Moreover, Defendants' failure to timely perform under the Agreement has harmed Plaintiff because the value of the settlement has been decreased. *See* Belisle Decl. at ¶ 20.

Plaintiff now seeks to enforce the Agreement. Paragraph 16 of the Agreement provides that "If any enforcement of this Agreement is necessary, the Court reserves jurisdiction to enforce the Agreement and make such other and further orders deemed proper to carry out the terms of this Agreement." *See* Belisle Decl. at ¶ 3, **EXHIBIT A**.

The parties have met and conferred extensively in an attempt to resolve this

matter informally, but have been unable to do. *See* Belisle Decl. at ¶¶ 6-22, **EXHIBITS D-R**.

Because of Defendants' failure to comply with the terms of the settlement agreement, the annuity rate is no longer available and the monthly payments to Ms. Underwood are decreased. *See* Belisle Decl. ¶ 20. Because of Defendants' delay, the monthly amount of the annuity payments to Ms. Underwood decreased from $1,036.04 to $1,028.82, for a total loss of $693.12 over eight years. *See* Belisle Decl. ¶ 20.

## II.

## ARGUMENT

### A. THE COURT HAS AUTHORITY TO ENFORCE THE AGREEMENT.

Courts have inherent power to enforce settlement agreements between parties in pending cases. *See Metronet Servs. Corp. v. U.S. West Communics.*, 329 F.3d 1013, 1014 (9th Cir. 2003). "[A] district court is empowered to enforce a settlement agreement through summary proceedings," unless there is a dispute as to the existence or terms of the agreement. *See Adams v. John-Manville Corp.*, 876 F.2d 702 (9th Cir. 1989).

Here, there is no dispute that Plaintiff and Defendants entered into a written settlement agreement. *See* Belisle Decl. at ¶ 3, **EXHIBIT A**. Under the terms of the Agreement, Defendants agreed to pay $245,000.00 within 20 days of receipt of Plaintiff's signature on the Agreement. *See id*. Because Plaintiff's counsel provided Plaintiff's signature to defense counsel on October 4, 2017, payment was due by October 24, 2017. *See* Belisle Decl. at ¶ 6, **EXHIBIT D**. Defendants failed to make the required payments. *See* Belisle Decl. at ¶ 19. To date, Defendants have not made any payments pursuant to the Agreement. *See id*.

Under these circumstances, Mrs. Underwood's remedy is to move to

enforce the settlement agreement pursuant to Paragraph 16 of the Agreement, which provides "If any enforcement of this Agreement is necessary, the Court reserves jurisdiction to enforce the Agreement and make such other and further orders deemed proper to carry out the terms of this Agreement." *See* Belisle Decl. at ¶ 3, **EXHIBIT A**. Mrs. Underwood is entitled to the value of the Agreement into which the parties entered.

**B. PLAINTIFF IS ENTITLED TO HER FEES AND COSTS INCURRED IN CONNECTION WITH THIS MOTION.**

The agreement provides for the award of fees to the prevailing party in the event of breach. Specifically, Paragraph 16 provides: "In the event any motion . . . is filed to enforce any of the provisions or rights under this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs in connection therewith." *See* Belisle Decl. at ¶ 3, **EXHIBIT A**. Therefore, Mrs. Underwood is entitled to an award of attorney's fees incurred in connection with this Motion in the amount of $2,437.50. *See* Belisle Decl. at ¶¶ 25-28.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order compelling Defendants to make the following payments by December 4, 2017:

A. $95,719.44 by cashier's check made payable to "BARCO Assignments" and transmitted to The Settlement Alliance-West, Attn: Joanna Schielein, 26021 Acero, Mission Viejo, CA 92691, to fund the future periodic payments for Ernestine Underwood;

B. $40,693.12 by cashier's check made payable to "Legacy Enhancement Trust FBO Ernestine Underwood" and transmit to Legacy Enhancement Trust,

7500 San Felipe, Suite 600, Houston, TX 77063, which includes the additional $693.12 required to make Mrs. Underwood whole; and

C. $111,718.06 by cashier's check made payable to "Campbell & Farahani Client Trust Account FBO Underwood" and transmitted to Campbell & Farahani, LLP, at 15233 Ventura Boulevard, Suite 408, Sherman Oaks, CA 91403, which includes the fees associated with bringing this Motion.

DATED: October 30, 2017          Respectfully submitted,
                                 CAMPBELL & FARAHANI, LLP

                                 /s/

                                 By: _____
                                 JoAnne E. Belisle, Esq.
                                 Attorneys for Plaintiff Ernestine Underwood

# DECLARATION OF JOANNE E. BELISLE

I, JoAnne E. Belisle, declare:

1. I am an attorney, duly licensed to practice before all the courts of the State of California, and admitted to practice before the United States District Court, Central District of California. I am one of the attorneys for Plaintiff Ernestine Underwood in this matter. The statements made herein are based on facts either personally known to me or known to me through my familiarity with the litigation file in this case.

**Facts Related to the Instant Case**

2. On December 15, 2016, Plaintiff Ernestine Underwood ("Mrs. Underwood" or "Plaintiff") filed a complaint against Defendants Foundation for Affordable Housing, Inc., PK Management, LLC, and Clifford Gatewood (hereinafter, collectively "Defendants") for violation of the Fair Housing Act, the California Fair Employment and Housing Act, the California Disabled Persons Act, and negligence.

3. In September 2017, the parties entered into a written settlement agreement (hereinafter the "Agreement"). A true and correct copy of the Agreement is attached hereto as **EXHIBIT A**.

4. Along with the Agreement, the parties executed a Non-Qualified Assignment and Release of Periodic Payment Obligation ("NQAR"). A true and correct copy of the NQAR is attached hereto as **EXHIBIT B**.

5. The settlement included a structured settlement annuity, which required payment to be made by October 24, 2017 to secure the current rate. Initially, the funds needed to be received by October 15, 2017, the subsequently parties obtained an extension to October 24, 2017. A true and correct copy of the initial and revised funding instructions for the annuity is attached hereto as **EXHIBIT C**.

6. On October 4, 2017, I emailed the Agreement executed by Plaintiff to defense counsel Eli Gordon. Accordingly, under the terms of the Agreement, payment was due by October 24, 2017. A true and correct copy of my email is attached hereto as **EXHIBIT D**. In my email, I informed Mr. Gordon that payment must be received by October 15, 2017 in order to secure the current rate for the annuity.

7. On October 12, 2017, I emailed Mr. Gordon, reminding him that the annuity needed to be funded by October 15th and asking him to confirm that the funds would be received by October 15th. A true and correct copy of my email is attached hereto as **EXHIBIT E**. I received no response to my email.

8. On October 13, 2017, I again emailed Mr. Gordon requesting that he confirm that the annuity would fund by October 15th. A true and correct copy of my email is attached hereto as **EXHIBIT F**.

9. Having received no response, I sent another email to Mr. Gordon a few hours later, requesting that he confirm that the check had issued and would be received by October 15th. A true and correct copy of my email is attached hereto as **EXHIBIT G**.

10. At 7:00 p.m. that evening, Mr. Gordon responded to my email stating that the "unfortunately . . . the adjuster is out of the office yesterday and today." A true and correct copy of his email is attached hereto as **EXHIBIT H**.

11. On October 18, 2017, I emailed Mr. Gordon stating "the check was to have been delivered by October 15th. It is now the 18th." A true and correct copy of my email is attached hereto as **EXHIBIT I**.

12. Mr. Gordon responded the same day, stating: "My carrier is telling me that it's in the process of being expedited but that they've had a lot of Hurricane claims which has delayed some payments. I will follow up with him again today." A true and correct copy of his email is attached hereto as **EXHIBIT J**.

13. At the end of the day, not having received any follow up from Mr. Gordon, I again emailed him requesting an update on the funds. A true and correct copy of my email is attached hereto as **EXHIBIT K**.

14. Frances Campbell also emailed Mr. Gordon the same day, cc'ing me, and informed him that "[i]f the funds are not at TSA-West tomorrow and Legacy Enhancement Trust tomorrow, we will seek court intervention to enforce the settlement agreement." A true and correct copy of her email is attached hereto as **EXHIBIT L**.

15. On October 23, 2017, Nima Farahani emailed Eli Gordon, cc'ing me, stating "I need the Underwood case to fund today – it is absolutely required to happen today. Please make sure the money goes through today." A true and correct copy of his email is attached hereto as **EXHIBIT M**.

16. Later that day, Mr. Gordon responded, stating "Unfortunately it doesn't look like we received the wire today. I've told the adjuster that you will be going in ex parte soon to enforce the settlement agreement and will seek attorney's fees and sanctions etc." A true and correct copy of his email is attached hereto as **EXHIBIT N**.

17. On October 25, 2017, I emailed Mr. Gordon, stating "The funds have still not been received. Defendants are in breach of the settlement agreement. The quoted rate for the annuity has expired." A true and correct copy of my email is attached hereto as **EXHIBIT O**.

18. Later that day, Mr. Gordon responded stating "[m]y carrier is saying payment is not likely until next week." A true and correct copy of his email is attached hereto as **EXHIBIT P**.

19. To date Defendants have not tendered payment, rendering the terms of the Agreement unfulfilled.

20. Because of Defendants' failure to comply with the terms of the settlement agreement, the annuity rate is no longer available and the monthly

1 payments to Ms. Underwood are decreased. Because of Defendants' delay, the
2 monthly amount of the annuity payments to Ms. Underwood decreased from
3 $1,036.04 to $1,028.82, for a total loss of $693.12 over 8 years.

4 21. On October 27, 2017, I emailed Mr. Gordon regarding the matters set
5 forth in Paragraph 20. I informed him that "Because Defendants did not timely
6 issue the payments, the previously quoted annuity rate is no longer available, the
7 monthly payments to Mrs. Underwood are decreased, and all of the settlement
8 documents must be revised to reflect these changes." A true and correct copy of
9 my email is attached hereto as **EXHIBIT Q**.

10 22. On October 30, 2017, I emailed Mr. Gordon the wiring instructions
11 for the payment to fund the annuity. I informed Mr. Gordon that if the funds were
12 not transferred by 2:00 p.m., Plaintiff would be filing the Motion to enforce the
13 settlement. A true and correct copy of my email is attached hereto as **EXHIBIT R**.
14 At 1:45 p.m., Mr. Gordon called me to tell me that the funds would not be able to
15 be transferred today.

16 **Facts Related to Counsel's Background:**

17 23. I received my Juris Doctor degree in the year 2012 from the
18 University of California at Irvine School of Law, as part of the inaugural class. I
19 was admitted to the California State Bar in 2012.

20 24. My undergraduate education was completed at the University of
21 Southern California, where in 2008, I was awarded the degree of B.A. in
22 Neuroscience.

23 25. While in law school, I externed for the Hon. Raymond Fisher of the
24 U.S. Court of Appeals for the Ninth Circuit. Following my 2L year, I worked as a
25 summer Law Clerk at Tressler LLP.

26 26. After taking the bar exam, I completed a fellowship at the Legal Aid

Foundation of Los Angeles, where I assisted indigent clients in cases involving Housing Rights, Family Law, and Domestic Violence issues. After passing the bar exam, I continued to work as a volunteer attorney for the Legal Aid Foundation of Los Angeles following the completion of my fellowship. I completed an additional fellowship at Young Invincibles, a non-profit organization focused on issues affecting young adults, where I conducted policy research and advocacy on issues including healthcare and higher education.

27. In April 2014, I joined the firm of Campbell & Farahani, LLP, where the bulk of my practices involves housing rights.

**Facts Related to the Request for Fees:**

28. As of January 1, 2017, my billing rate is $325.00 per hour. This rate was found to be reasonable in *Reed v. Easterwood*, Case No. BC560522 (by both the Hon. Edward B. Moreton, Jr. and the Hon. Barbara Scheper); *Engelman v. First Baptist Church – Westchester*, Case No. BC618413 (by the Hon. Elizabeth Allen White); *Aghamir v. Universal Debt Relief, Inc.*, Case No. BC540443 (by the Hon. David Sotelo); *Rankins v. Tested by Fire, Inc.*, Case No. BC400977 (By the Hon. Edward B. Moreton, Jr.), *Mark Kaufman Properties Management Services, LLC v. Smith*, 14R11130 (by the Hon. Mark A. Young), and *Lopez v. Pama Management, Inc.*, Case No. 2:16-cv-9390-ODW-JCx (by the Hon. Otis D. Wright, II).

29. In 2016, my billing rate was $295.00 per hour. This rate was found to be reasonable in *Marquez v. Ladera, LLC*, Case No. BC547860 (by the Hon. Holly E. Kendig) and *Ross v. Los Angeles Property Mgmt. Grp.*, Case No. CV 16-3478-R (by the Hon. Manuel L. Real).

30. I kept track of my time in this case, as I do in all of our cases,

contemporaneously using a program called "Rocket Matter."

31. I spent 5.5 hours in connection with the instant motion. I anticipate that I will spend an additional two hours reviewing the opposition to this motion and writing a reply, for a total of 7.5 hours.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 30, 2017, at Sherman Oaks, California.

/s/

_____

JoAnne E. Belisle